OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, without costs, in accordance with the following memorandum, and, as so modified, affirmed.
Petitioner, a not-for-profit corporation, proposed to build a congregate housing facility for the elderly, consisting of two units in a two-family house. Each unit would be occupied by six unrelated elderly Mount Vernon residents. The subject property is a vacant lot in a blighted neighborhood. The Mount Vernon Building Department denied petitioner’s application for a building permit on the grounds that (1) the proposed project would be a "boarding house”, a prohibited use under the Mount Vernon Zoning Ordinance, and (2) the planned construction violated certain setback requirements. The Mount Vernon Zoning Board of Appeals rejected petitioner’s argument that the Building Department erred in its classification of the use as a "boarding house”, and likewise denied petitioner’s request for a use variance because petitioner had not shown sufficient hardship.
Supreme Court granted petitioner’s subsequent CPLR article 78 petition and declaratory judgment action by, inter alia, declaring unconstitutional the definitions of "boarding house” and "family” in section 267-2 of the Zoning Ordinance of the City of Mount Vernon. The Appellate Division affirmed for the reasons stated by Supreme Court. We subsequently granted respondents’ motion for leave to appeal.
The courts below correctly held that the Zoning Ordinance’s definition of "boarding house” was unconstitutional. Section 267-2 of the Zoning Ordinance defined the term "boarding house” as follows:
" 'Boarding House’ — a building other than a hotel in which accommodations are offered for [h]ire and/or hired out for the lodging of four (4) or more persons either individually or as families, with separate cooking facilities or with central kitchen or dining room for the preparation and service of meals to said persons.”
To pass constitutional review, a zoning ordinance must be: (1) in furtherance of a legitimate governmental purpose, and *744 (2) reasonably related to effect that purpose (see, McMinn v Town of Oyster Bay, 66 NY2d 544, 549). In this case, the Mount Vernon ordinance serves several legitimate purposes, including reduction of parking and traffic problems, control of population density, and prevention of noise and disturbance (see, Village of Belle Terre v Boraas, 416 US 1).
The means used — the definition of "boarding house” — is not reasonably related to achieve these purposes, however. The definition of "boarding house” includes six elements: (1) there must be a building (2) which is not a hotel (3) which offers accommodations (4) for hire or hired out (5) to four or more persons, individuals or as families, and (6) which either provides separate cooking facilities or a central kitchen or dining room. By its own terms, this definition includes even a family consisting of a father, mother and children in a rented house or apartment. Because the prohibition against a "boarding house” includes a family expressly permitted under the Zoning Ordinance’s definition of "family”,* the definition of "boarding house” is overbroad, thereby inviting arbitrary application. Thus, this definition lacks a rational relationship to legitimate goals and is facially unconstitutional (see, McMinn v Town of Oyster Bay, supra, at 549-550).
The issue whether the Zoning Ordinance’s definition of "family” is similarly unconstitutional is not properly before us for decision. As noted above, the Mount Vernon Building Department denied petitioner’s application for a building permit on the ground that the proposed use would be a "boarding house”, and the Zoning Board of Appeals likewise rejected petitioner’s argument that the Building Department erred in its classification of the use as a "boarding house”. Supreme Court granted petitioner’s subsequent article 78 petition and declaratory judgment action by declaring unconstitutional the definitions of both "boarding house” and "fam *745 ily” on their face as well as the term "family” as applied. Respondents, however, never denied petitioner’s building permit application on the basis that the proposed project would not fall under the definition of "family”. Rather, the Building Department and Zoning Board of Appeals made their determinations solely on the ground that petitioner’s project constituted a "boarding house”.
As the United States Supreme Court has stated, "[gjiven the 'essentially ad hoc, factual inquir[y]’ involved * * * we have found it particularly important * * * to adhere to our admonition that 'the constitutionality of statutes ought not be decided except in an actual factual setting that makes such a decision necessary’ ” (Pennell v San Jose, 485 US 1, 10 [quoting Hodel v Virginia Surface Min. & Reclamation Assn., 452 US 264, 294-295]; see also, Socialist Labor Party v Gilligan, 406 US 583, 588; Rescue Army v Municipal Ct, 331 US 549, 568-575, 584). Similarly, in this case neither the Building Department nor the Zoning Board of Appeals have made an actual determination regarding petitioner’s argument that it falls within the Zoning Ordinance’s definition of "family”. Petitioner strenuously argues that it qualifies as a "family”; indeed respondents note that had the Zoning Board of Appeals addressed petitioner’s request in the absence of the "boarding house” definition the project might have been approved. Because respondents did not address this issue, it was premature for Supreme Court to address the constitutionality of the Zoning Ordinance’s definition of "family”. Supreme Court should have sent this case back to respondents to pass on petitioner’s argument.
Accordingly, the order of the Appellate Division should be modified, without costs, by vacating the order and judgment of Supreme Court, except insofar as it declared unconstitutional the definition of "boarding house” in section 267-2 of the Zoning Ordinance of the City of Mount Vernon, and remitting the matter to Supreme Court with directions to remand to respondents for further proceedings in accordance with this opinion, and, as so modified, affirmed.
Acting Chief Judge Simons and Judges Kaye, Titone, Hancock, Jr., Bellacosa and Smith concur.
Order modified, without costs, in accordance with the memorandum herein and, as so modified, affirmed.

 At the time of the Zoning Board decision, section 267-2 of the Zoning Ordinance defined the term "family” as follows:
" 'Family’ — One (1) or more persons related by blood, marriage or legal adoption who live together in one (1) dwelling unit and maintain a common household.”
The definition of "family” was subsequently amended after commencement of this litigation. The new definition is:
"One (1) or more persons having a common domestic bond who live together in one (1) dwelling unit as a traditional family or its functional equivalent, headed by one (1) or more resident persons who have authority over the care, functioning or management of their common household.”