■ In the Matter of UNIFICATION THEOLOGICAL SEMINARY et al., Appellants, v CITY OF POUGHKEEPSIE, Respondent. [607 NYS2d 383] —In a hybrid proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Zoning Board of Appeals of the City of Poughkeepsie dated February 13, 1990, which held that City of Poughkeepsie Code §§ 19-2.2 and 19-3.12 (2) (b) were unambiguous and did not require interpretation, and an action for a declaration that those provisions are unconstitutional, the appeal, as limited by the appellants' brief, is from stated portions of a judgment of the Supreme Court, Dutchess County (Hillery, J.), entered November 15, 1991, which, *inter alia,* determined that those provisions are constitutional.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Zoning ordinances are presumed to be constitutional, and the burden is on the the party challenging an ordinance to prove its unconstitutionality beyond a reasonable doubt *(see, McMinn v Town of Oyster Bay,* 66 NY2d 544, 548). A zoning ordinance is a valid exercise of the City's police power if it (1) was enacted in furtherance of a legitimate government purpose, and (2) there was a rational relationship between the end sought to be achieved and the means used to achieve that end *(see, McMinn v Town of Oyster Bay, supra,* at 549).

The appellants do not challenge the City's purpose in enacting the challenged provisions. The means employed by the City to achieve its goal of preserving the character of residential neighborhoods was to include a rebuttable presumption that four or more unrelated persons living in a single dwelling do not constitute the functional equivalent of a traditional family *(see,* City of Poughkeepsie Code § 19-2.2). The ordinance

provides broad criteria to rebut the presumption and establish that a group is the functional equivalent of a traditional family, including whether the group shares the entire house, lives and cooks together as a single housekeeping unit, shares expenses for food, rent, utilities, or other household expenses, and is permanent and stable *(see,* City of Poughkeepsie Code § 19-2.2 [3]). Under the Due Process Clause of the NY Constitution (NY Const, art I, § 6), a zoning ordinance may not restrict the size of a functionally equivalent family without also similarly restricting the size of a traditional family *(see, Baer v Town of Brookhaven,* 73 NY2d 942, 943). Because the provisions in question place no restriction on the size of a group of people living together as the functional equivalent of a traditional family, there is a rational relationship between the end sought to be achieved, to wit, the preservation of the character of residential neighborhoods, and the means used to achieve that end, to wit, the rebuttable presumption that four or more unrelated individuals living together are not a traditional family. A rebuttable presumption is valid if there is a rational connection between the facts needed to be proven and the fact presumed, and there is a fair opportunity for the opposing party to make his defense *(see, Matter of Casse v New York State Racing & Wagering Bd.,* 70 NY2d 589, 595). Here, the the appellant was informed that it could have applied for a variance to allow four or more unrelated persons to live together, and was afforded an opportunity to rebut the presumption. Therefore, there was no violation of the Due Process Clause of the State Constitution.

We have examined the appellant's other contentions and find them to be without merit. Mangano, P. J., Balletta, Friedmann and Florio, JJ., concur.