■ In the Matter of JOSEPH COCO, Respondent, v CITY OF ROCHESTER ZONING BOARD OF APPEALS, Appellant. [653 NYS2d 769] —Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: The Malcro Corporation (Malcro) operates the Highland Park Diner at 952 South Clinton Avenue in Rochester, N. Y. The structure was built in the 1940s and it is the only surviving "Art Moderne" style diner built by the Orleans Diner Company. Although currently not

registered as a landmark, it is eligible for that designation. When Malcro purchased the property in 1986, it installed two exhaust fans at the rear of the structure. In July 1995 the City of Rochester Department of Community Development notified Malcro that the fans were installed in violation of the State Uniform Fire Prevention and Building Code (Uniform Code) (9 NYCRR 600.1 *et seq.*), specifically, that the fans are situated within 10 feet of petitioner's property. Malcro considered various alternatives, including relocating the exhaust ducts on the roof of the diner or constructing a duct system that would terminate on the side of the diner. It applied for and received a permit to construct the duct system. However, Malcro determined that neither alternative would preserve the aesthetics and unique style of the diner structure, that the permitted duct expansion would be too expensive, and that relocation of the exhaust system to the roof would present structural and maintenance problems. Instead, it decided to pursue the less expensive alternative of leaving the exhaust fans in their present location, constructing an opaque metal fence, 10 feet high by 14 feet wide, and attaching that fence to an existing six-foot chain link fence behind the diner. The fencing alternative, however, requires administrative action from two agencies: a waiver or variance of the requirements of the Uniform Code from a regional board of review (*see*, 19 NYCRR 450.4) and an area variance from respondent, City of Rochester Zoning Board of Appeals (ZBA), authorizing construction of the 10-foot fence. The ZBA conditionally granted Malcro's application for an area variance and advised Malcro that, before proceeding with its plan, it must obtain a certificate of zoning compliance, a building permit and a certificate of occupancy. Petitioner commenced this proceeding seeking to annul that determination. Supreme Court granted the petition and annulled the determination, concluding that the ZBA improperly exercised its discretion in granting the application for a variance and that its findings were "against the substantial evidence". We reverse.

Before granting an area variance, the ZBA must engage in a balancing test, considering the factors outlined in General City Law § 81-b (4) and weighing the benefit to the applicant against the detriment to the health, safety and welfare of the neighborhood or community. The applicant need no longer establish practical difficulties in the use of his land (*see, Matter of Khan v Zoning Bd. of Appeals*, 87 NY2d 344, 351-352, *rearg denied* 87 NY2d 1056 [construing an analogous provision in Village Law § 7-712-b (3) (b)]; *Matter of Sasso v Osgood*, 86 NY2d 374, 384 [construing an analogous provision in Town Law § 267-b (3)

(b)]). The record establishes that the ZBA considered the statutory factors, and we conclude that its determination that the benefit to the applicant by the proposed erection of the 10-foot fence outweighed any detriment to petitioner is supported by substantial evidence.

The court concluded that the ZBA's findings were "against the substantial evidence" for three reasons: "the fence variance does nothing to alleviate the violation" of the Uniform Code; the sheet metal barrier without direct means of grease collection "does not appear to be a reasonable solution"; and the ZBA disregarded letters submitted by neighbors and instead relied upon "superfluous" concerns such as the owner's good character and aesthetics. The ZBA, in granting the area variance, determined that the applicant was entitled to relief from its zoning ordinance; the applicant did not ask the ZBA for administrative relief from the violation of the Uniform Code. The ZBA found that "[t]he fence will only be constructed if a variance [from the requirements of the Uniform Code] is granted by [the regional board of review] to keep the existing fans in the current location." Thus, whether Malcro is entitled to a waiver or variance from the requirements of the Uniform Code that would adequately protect petitioner and other neighbors must be determined by the regional board of review pursuant to 19 NYCRR 450.4.

In concluding that the variance "does not appear to be a reasonable solution", the court impermissibly substituted its judgment for that of the ZBA (*see, Matter of Rogers v Baum*, 234 AD2d 685; *Verstandig's Florist v Board of Appeals*, 229 AD2d 851). In considering whether a ZBA determination is supported by substantial evidence, the reviewing court is limited to determining "whether the record contains sufficient evidence to support the rationality of the Board's determination" (*Matter of Sasso v Osgood, supra*, at 384, n 2; *see also, Matter of Rogers v Baum, supra*). The ZBA, in response to a concern expressed by petitioner's counsel, determined that the installation of some type of reservoir was necessary to prevent grease from dripping off the metal fence to the ground. There is no evidence that the installation of a reservoir device will not adequately resolve that concern.

Finally, the record does not establish that the ZBA disregarded letters from neighbors. Those letters complain generally of smoke and odor. The ZBA found that the proposed fence "will keep the expulsion of grease and fumes on the subject property rather than on the neighboring property." (Appeal from Judgment of Supreme Court, Monroe County, Calvaruso,

J.—CPLR art 78.) Present—Green, J. P., Pine, Callahan, Balio and Boehm, JJ.