■ In the Matter of RUTH KLEPPER et al., Respondents, v CHRISTIAN COALITION OF NEW YORK, INC., Appellant, and NEW YORK STATE BOARD OF ELECTIONS, Respondent. [686 NYS2d 898] —Per Curiam. Appeal from an order of the Supreme Court (Hughes, J.), entered January 15, 1998 in Albany County, which, in a proceeding pursuant to Election Law § 16-114, denied a motion by respondent Christian Coalition of New York, Inc. for summary judgment dismissing the petition.

Respondent Christian Coalition of New York, Inc. (hereinafter CCNY) is a not-for-profit corporation exempt from taxation under Internal Revenue Code (26 USC) § 501 (c) (4) with approximately 40 chapters throughout the State. It is affiliated with the national Christian Coalition and has among its goals the promulgation and teaching of "concern for the sanctity of life, traditional family values, an economic system which fosters individual self reliance, opposition to tyranny,

and faith in God". In furtherance of its goals, CCNY engages in a variety of educational and political activities, including, *inter alia*, the distribution of literature relevant to the views of candidates for public office.

As a result of CCNY's political activities, petitioners commenced this proceeding pursuant to Election Law § 16-114 seeking to have CCNY declared a "political committee", as defined in Election Law § 14-100 (1), subject to the reporting requirements of Election Law § 14-102. Alternatively, in the event CCNY was not a "political committee", petitioners sought judgment declaring that CCNY exceeded its 1996 limitation on corporate political spending in violation of Election Law § 14-116. After serving an answer to the petition, CCNY moved for summary judgment dismissing the petition on the ground that the relevant provisions of the Election Law were unconstitutional on their face and as applied to CCNY. Following the joinder of respondent State Board of Elections as a party to the proceeding, Supreme Court denied CCNY's motion. This appeal ensued.

We affirm. In challenging the facial validity of Election Law § 14-100 (1), § 14-100 (9), §§ 14-114 and 14-116, CCNY argues that the provisions unconstitutionally restrict its right to engage in "issue advocacy". Issue advocacy is protected by the First Amendment and includes communications that discuss an organization's views on issues endorsed by a political candidate or party without expressly advocating the election of that candidate or party (*see, Buckley v Valeo*, 424 US 1, 41-44). Significantly, Election Law § 14-100 (1) specifically exempts issue advocacy from the restrictions contained in article 14 by providing that "nothing in this article shall apply to any committee or organization for the discussion or advancement of political questions or principles without connection with any vote or to a national committee organized for the election of presidential or vice-presidential candidates". Inasmuch as this savings provision preserves the unencumbered right of an organization to engage in issue advocacy, we find no merit to CCNY's facial challenge to the constitutionality of the provisions at issue.

We now turn to CCNY's assertion that Election Law § 14-100 (1) and § 14-114 are unconstitutional as applied to its activities. CCNY argues that it engages only in constitutionally protected issue advocacy through its distribution of "legislative scorecards" and "voter guides", contending that such literature is designed to inform the electorate of the candidates' positions on a variety of issues. It denies that its

activities encompass endorsing particular candidates or parties for public office. Inasmuch as the record has not been fully developed concerning the precise scope of CCNY's activities, it would be premature to rule upon whether the statute is unconstitutional as applied to CCNY (*see, Matter of Genesis of Mount Vernon v Zoning Bd. of Appeals,* 81 NY2d 741, 745). Therefore, Supreme Court properly denied CCNY's motion for summary judgment. We have considered CCNY's remaining claims and find them either unnecessary to address in view of our disposition or without merit.

Cardona, P. J., Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with one bill of costs.