■ In the Matter of the Claim of STEPHEN P. FLOW, Appellant, v MARK IV CONSTRUCTION COMPANY, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [733 NYS2d 751] —Crew III, J. P. Appeal from a decision of the Workers' Compensation Board, filed November 18, 1999, which, *inter alia,* ruled that claimant violated Workers' Compensation Law § 114-a and was disqualified from receiving additional wage replacement benefits.

Claimant incurred a work-related injury in March 1995 for which he was awarded workers' compensation benefits. In May 1997, the employer's workers' compensation carrier suspended claimant's payments by reason of his gainful employment and, following a hearing, claimant was disqualified from receiving benefits from January 3, 1997 to April 16, 1997 for knowingly receiving benefits under false pretenses (*see,* Workers' Compensation Law § 114-a). Thereafter, hearings were held to address claimant's activities subsequent to April 16, 1997, after which a Workers' Compensation Law Judge ruled that claimant was not fraudulently receiving benefits. Upon review, the Workers' Compensation Board reversed and disqualified claimant from

receiving further wage replacement benefits. This appeal ensued.

Initially, claimant asserts that Workers' Compensation Law § 114-a is unconstitutionally vague. We disagree. The statute provides, in pertinent part, that a person shall be disqualified from receiving compensation where he or she obtains such benefits by knowingly making a false statement or representation as to a material fact. To the extent that claimant contends that the statute is unconstitutionally vague because it fails to define the term "material fact," suffice to say that there is no requirement that every term in a statute be precisely defined; rather, a statute will pass constitutional muster so long as it provides "persons of ordinary intellect reasonable notice of the proscribed conduct" (*Matter of Addei v State Bd. for Professional Med. Conduct*, 278 AD2d 551, 552). The term complained of here surely can be understood by a person of ordinary intelligence and is thus not susceptible to arbitrary enforcement (*see, Ulster Home Care v Vacco*, 96 NY2d 505, 510). Indeed, the challenged phrase has a common understanding and is used, without definition, in many other statutory schemes (*see, e.g.,* Banking Law § 71 [7] [b]; Executive Law § 172-d; General Business Law § 339-a; Insurance Law § 4413 [g] [2]; Social Services Law § 145 [1]).

Next, claimant asserts that the statute is criminal in nature and, therefore, the substantial evidence standard of review cannot apply. In that regard, we need note only that we previously have rejected such an assertion (*see, Matter of Phelps v Phelps*, 277 AD2d 736, 738). Finally, our review of the record reveals that the Board's determination is supported by substantial evidence.

Peters, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.