[752 NYS2d 749]

In the Matter of PARTITION STREET CORPORATION, Appellant, v
ZONING BOARD OF APPEALS OF CITY OF RENSSELAER,
Respondent.

Third Department, December 26, 2002

**APPEARANCES OF COUNSEL**

*Tuczinski, Cavalier, Burstein & Collura P.C.,* Albany (*Andrew W. Gilchrist* of counsel), for appellant.

*Young, Sommer, Ward, Ritzenberg, Wooley, Baker & Moore L.L.C.,* Albany (*Michael J. Moore* of counsel), for respondent.

## OPINION OF THE COURT

PETERS, J.

Petitioner owns 62 acres of real property in the Town of East Greenbush, Rensselaer County (hereinafter the East Greenbush parcel), directly on the boundary line between East Greenbush and the City of Rensselaer, Rensselaer County. Petitioner also owns a 0.14-acre adjoining parcel in the City of Rensselaer (hereinafter the Rensselaer parcel) which provides the sole method of access to the East Greenbush parcel. It is undisputed that the only improvement on the Rensselaer parcel is a gravel road and entrance gate to the East Greenbush parcel. Pursuant to the zoning regulations of the City of Rensselaer, the Rensselaer parcel is located within a land conservation zoning district and, consequently, may only be used for parks, athletic fields, golf courses, farming or other similar uses.

Two companies, Cristo Demolition, Inc. (hereinafter Cristo) and 4C's Development Corporation (hereinafter 4C), use the Rensselaer parcel to gain access to and conduct their businesses on the East Greenbush parcel; Cristo operates a demolition business and 4C operates a construction and demolition debris landfill. 4C obtained its permit to operate the landfill from the Department of Environmental Conservation (hereinafter DEC) after an evidentiary hearing where the City of Rensselaer was a party. The City of Rensselaer later commenced a CPLR article 78 proceeding against DEC and 4C to overturn the issuance of such permit; the permit was upheld both in Supreme Court and upon appeal (*Matter of City of Rensselaer v Duncan,* 266 AD2d 657). While that appeal was pending, the City of Rensselaer issued a notice of violation to petitioner alleging that as an owner of property in the land conservation zoning district, its intended use of the subject property "for the construction and/or operation of a solid waste management facility, specifically, a landfill for the disposal of construction and demolition debris * * * is not a permitted use."

Based upon petitioner's belief that the City of Rensselaer issued such notice of violation in a further attempt to stop its lawful use of the East Greenbush parcel, petitioner challenged the notice of violation by contending that the Rensselaer parcel was merely an access road and that all of the landfill operations were taking place wholly upon the East Greenbush

parcel. Following a hearing, the City of Rensselaer Building and Zoning Department sustained the notice of violation, thereafter affirmed by respondent, by finding that the access road was a use appurtenant to its commercial use. While it further found insufficient evidence to show that the Rensselaer parcel had a lawful preexisting nonconforming use, it reasoned that even if it did find such status, its permitted use was nonetheless terminated by the amortization provisions of the City of Rensselaer's zoning law. Supreme Court dismissed this CPLR article 78 proceeding challenging said determination and petitioner appeals.

It is well settled that a determination rendered by a zoning board of appeals will be upheld if it is found to have a rational basis and is supported by substantial evidence in the record (*see Matter of Khan v Zoning Bd. of Appeals of Vil. of Irvington*, 87 NY2d 344, 351; *Matter of Mayes v Cooper*, 283 AD2d 760, 762). Recognizing that the Rensselaer parcel is simply a vacant lot containing a graveled roadway used to access a legally zoned business use in a separately zoned area, we cannot conclude that it was irrational for respondent to have found such access road to be a use appurtenant to the commercial business. Evidence revealed that DEC authorized up to 70 truckloads per day upon this road to transport solid waste and other materials and that the roadway is used solely for commercial purposes. For these reasons, there exists a rational basis to support the conclusion that the Rensselaer parcel was an integral part to the operation of the East Greenbush parcel and therefore a use appurtenant to the landfill itself* (*see City of Yonkers v Rentways, Inc.*, 304 NY 499, 503-504; *Village of Great Neck Estates v Bemak & Lehman*, 223 App Div 853, 853, *affd* 248 NY 651; *see generally Wolf v Zoning Bd. of Adjustment of Borough of Park Ridge*, 79 NJ Super 546, 550-551, 192 A2d 305, 307-308; *cf. SCA Chem. Waste Servs. v Board of Appeals of Town of Porter*, 52 NY2d 963, 965-968 [Gabrielli, J., dissenting]).

We do, however, agree with petitioner that there is insufficient evidence to warrant respondent's conclusion that the access road was not of a sufficient continual duration to constitute a lawful preexisting nonconforming use. Petitioner provided both documentary evidence and sworn testimony confirming that the Rensselaer parcel had been used as an ac-

---

* The DEC regulation supports this construction since it includes, as part of the solid waste management facility, its access roads, appurtenances and land buffer areas (*see* 6 NYCRR 360-1.2 [b]).

cess road to the East Greenbush parcel for various commercial activities since the 1950s with no termination of use. Yet, the significance of our determination on this issue is tempered by the amortization provision of the City of Rensselaer's zoning law, enacted in 1979.

Pursuant to the City of Rensselaer Zoning Law, a land use that was lawful at the time that the zoning law was adopted would remain a lawful preexisting nonconforming use "[e]xcept as otherwise provided" (City of Rensselaer Zoning Law art VIII [B]). That exception may be found in its amortization clause which details that, due to an overriding intent to eliminate nonconforming uses, they shall be terminated on or before specified periods. As here relevant, it provides as follows:

> "any nonconforming use of open land, including but not limited to such uses as junk yards, motor vehicle junk yards or open storage yards for materials or equipment, may be continued for three [3] years after the effective date of this Local Law, provided that, after the expiration of such period, such nonconforming use shall be terminated" (City of Rensselaer Zoning Law art VII [D] [3] [a]).

Here, as there is no dispute that the Rensselaer parcel is a "nonconforming use of open land," it must be recognized that if it is found to fall within the amortization clause, its use will have been terminated since it has existed for more than the three-year grace period.

Where the language of a statute is clear and unambiguous, a court shall construe its meaning " 'so as to give effect to the plain meaning of the words used' " (*Matter of Wise v Jennings*, 290 AD2d 702, 703, *lv denied* 97 NY2d 612, quoting *Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205, 208; *see Matter of Village of Chestnut Ridge v Howard*, 92 NY2d 718, 723). Applying this maxim, we find the amortization clause to unequivocally pertain to the Rensselaer parcel since it consists of "open land." Although we acknowledge petitioner's attempts to place a restriction on such interpretation by stating that the statutory language is modified by the uses listed thereafter, we must nonetheless uphold the determination rendered since it is rational and supported by substantial evidence, even if we would have reached a contrary result (*see Matter of P.M.S. Assets v Zoning Bd. of Appeals of Vil. of Pleasantville*, 98 NY2d 683, 685).

As to the remaining claim of bias by respondent's chair due to statements made by his family in opposition to the landfill,

petitioner's failure to have "set forth a factual demonstration supporting the allegation as well as prove that the administrative outcome flowed from it" (*Matter of Sunnen v Administrative Review Bd. for Professional Med. Conduct*, 244 AD2d 790, 791, *lv denied* 92 NY2d 802) was fatal. Accordingly, we hereby affirm the dismissal of petitioner's application in its entirety.

CARDONA, P.J., SPAIN, MUGGLIN and LAHTINEN, JJ., concur.

Ordered that the judgment is affirmed, without costs.