■ In the Matter of MATTHEW MORRISSEY, Appellant, v G. MICHAEL APOSTOL, as Chair of the Zoning Board of Appeals of the City of Albany, et al., Respondents. [906 NYS2d 639]—

---

5. Morton does not challenge in his brief Supreme Court's denial of damages on his abuse of process claim.

994

Stein, J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered December 31, 2009 in Albany County, which, among other things, dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, among other things, review a determination of respondent Zoning Board of Appeals of the City of Albany denying petitioner's application for a variance.

Petitioner is the owner of residential property located at 414 Hudson Avenue in the City of Albany. A local zoning ordinance restricts occupancy of the premises to a single family (*see* Albany City Code § 375-65).[1] Pursuant to the ordinance, "family" means "[o]ne, two or three persons occupying a dwelling unit . . . or . . . [f]our or more persons occupying a dwelling unit and living together as a traditional family or the functional equivalent of a traditional family" (Albany City Code § 375-7 [B]). Notably, it is presumed that four or more unrelated persons living in a single dwelling unit are not the functional equivalent of a traditional family (*see* Albany City Code § 375-7 [B]).

After city officials learned that petitioner was renting the premises to six unrelated college students, petitioner was served with a cease and desist notice and order requiring that he

1. Under the ordinance, a two-family dwelling or a house of worship would also qualify as a principal permitted use. The residence at issue here is a one-family dwelling, which is defined as "[a] detached building, designated for or occupied exclusively by one family and containing not more than one dwelling unit" (Albany City Code § 375-7 [B]).

"remove all unrelated persons in excess of . . . three" from the premises. Petitioner did so without making any attempt to establish that his tenants had been living together as the functional equivalent of a traditional family. However, he also sought a use variance permitting six unrelated individuals to reside in the dwelling.[2] Respondent Zoning Board of Appeals of the City of Albany (hereinafter Board) ultimately denied petitioner's application.

Thereafter, petitioner commenced this combined CPLR article 78 proceeding and declaratory judgment action seeking a declaration that the term "family," as defined in the ordinance, was unconstitutional or, in the alternative, an annulment of the Board's determination denying his variance application. Supreme Court dismissed that portion of the petition seeking to annul the Board's determination and rejected petitioner's claim that the definition of "family" is impermissibly vague, thus violating state and federal due process principles. This appeal ensued, and we now affirm.

We begin by addressing petitioner's assertion that the definition of "family" found in the Albany City Code is unconstitutional. In that regard, zoning ordinances are presumed to be constitutional and the challenger bears the burden of proving unconstitutionality beyond a reasonable doubt (see *McMinn v Town of Oyster Bay*, 66 NY2d 544, 548 [1985]). Moreover, a zoning ordinance is valid if (1) it is enacted to further a legitimate governmental purpose and (2) there is a reasonable relation between the goal of the ordinance and the means employed to achieve that goal (see *Matter of Genesis of Mount Vernon v Zoning Bd. of Appeals of City of Mount Vernon*, 81 NY2d 741, 743-744 [1992]).

Here, petitioner acknowledges that the ordinance serves a legitimate end—the preservation of the single-family character of the neighborhood. He argues, however, that there is no reasonable relation between the ordinance, as written, and achievement of that end. Specifically, petitioner contends that the lack of objective criteria delineating what constitutes a "traditional family" or the "functional equivalent of a traditional family" renders the ordinance void for vagueness and grants unfettered discretionary enforcement authority to respondent Nicholas

---

**2.** Although petitioner was granted permission to convert the premises to a two-family dwelling—permitting three unrelated persons to reside in each unit—he maintains that such a conversion would not be cost-effective and has declined to do so.

DiLello, the Director of the City of Albany Division of Buildings and Codes.[3]

We disagree. "A statute withstands an attack for vagueness if it contains sufficient standards to afford a reasonable degree of certainty so that a person of ordinary intelligence is not forced to guess at its meaning and to safeguard against arbitrary enforcement" (*Salvatore v City of Schenectady*, 139 AD2d 87, 89 [1988] [citations omitted]). The ordinance at issue here satisfies these requirements, as the terms "family" and "functional equivalent of a traditional family" are not so vague as to confound a person of ordinary intelligence and, thus, the ordinance is "not susceptible to arbitrary enforcement" (*Matter of Flow v Mark IV Constr. Co.*, 288 AD2d 779, 780 [2001]; *see generally Group House of Port Washington v Board of Zoning & Appeals of Town of N. Hempstead*, 45 NY2d 266 [1978]). In our view, the meaning of those terms is readily ascertainable given the body of case law—specific to the zoning realm—interpreting the term "family" (*see e.g Village of Belle Terre v Boraas*, 416 US 1 [1974]; *McMinn v Town of Oyster Bay*, 66 NY2d 544 [1985]; *Group House of Port Washington v Board of Zoning & Appeals of Town of N. Hempstead*, 45 NY2d 266 [1978]; *City of White Plains v Ferraioli*, 34 NY2d 300 [1974]). We are, therefore, satisfied that the ordinance is not impermissibly vague and that it does not impart limitless discretion to the Board (*see Matter of Durante v Town of New Paltz Zoning Bd. of Appeals*, 90 AD2d 866, 867 [1982]). Additionally, since petitioner was entitled to rebut the presumption that his tenants were not living together as the functional equivalent of a traditional family, but elected not to do so, he was not deprived of due process (*see Matter of Unification Theol. Seminary v City of Poughkeepsie*, 201 AD2d 484, 484-485 [1994]).

We are similarly unpersuaded by petitioner's argument that the Board's denial of his application for a use variance was arbitrary and capricious. As the applicant, petitioner was required to demonstrate, among other things, that the existing

---

**3.** Petitioner's contention that DiLello was improperly delegated discretion mischaracterizes the administrative process. Had petitioner appealed the cease and desist order issued by DiLello, the Board would have ultimately determined whether petitioner's use of his property conformed with the definition of "family" (*see* Albany City Code § 375-7 [B]; §§ 375-14, 375-15). In that regard, while petitioner's failure to exhaust his administrative remedies would ordinarily preclude our review, an exception to the general rule exists where, as here, petitioner has challenged the ordinance as facially unconstitutional (*see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]; *Matter of Moran Towing Corp. v Urbach*, 283 AD2d 78, 81 [2001], *revd on other grounds* 99 NY2d 443 [2003]).

zoning regulation resulted in an unnecessary hardship that was unique to his property, that such hardship was not self-created, and that it precluded his realization of a reasonable return on his investment[4] (see General City Law § 81-b [3] [b]; Albany City Code § 375-26 [B] [2] [a]).

Petitioner did not satisfy any of the foregoing criteria. In addition to presenting questionable financial data, petitioner made no effort to show that he could neither increase the rent nor sell the property at a profit—either as a one-family or two-family home (see Matter of Drake v Zoning Bd. of Appeals of Vil. of Colonie, 183 AD2d 1031, 1032 [1992]; cf. Matter of Dwyer v Polsinello, 160 AD2d 1056, 1058 [1990]) and failed to demonstrate that the property was significantly distinct from other residences in the neighborhood (see Matter of Citizens for Ghent v Zoning Bd. of Appeals of Town of Ghent, 175 AD2d 528, 530 [1991]). Furthermore, inasmuch as the occupancy restriction on the premises had long been in existence when petitioner purchased the property, he failed to demonstrate that any hardship was not self-created (see Matter of Diana v City of Amsterdam Zoning Bd. of Appeals, 243 AD2d 939, 940 [1997]; Matter of First Natl. Bank of Downsville v City of Albany Bd. of Zoning Appeals, 216 AD2d 680, 682 [1995]). Accordingly, the Board's denial of petitioner's application had a rational basis and was supported by substantial evidence (see Matter of Androme Leather Corp. v City of Gloversville, 1 AD3d 654, 656 [2003], lv denied 1 NY3d 507 [2004]; Matter of Conte v Town of Norfolk Zoning Bd. of Appeals, 261 AD2d 734, 738 [1999]).

Petitioner's remaining contentions have been reviewed and are determined to be without merit.

Rose, J.P., Lahtinen, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

4. Petitioner's application is premised exclusively on the dwelling's "economic obsolescence" should he be limited to renting to just three people. However, he is under no such limitation, as any number of people living together as a traditional family or the functional equivalent of a traditional family may reside on the premises (see Albany City Code § 375-7).