■ In the Matter of OAKWOOD PROPERTY MANAGEMENT, LLC, Appellant, v TOWN OF BRUNSWICK et al., Respondents. [960 NYS2d 535]—

Egan Jr., J. Appeal from an order and judgment of the Supreme Court (Devine, J.), entered January 23, 2012 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, among other things, granted respondents' cross motion for summary judgment and dismissed the petition/complaint.

Petitioner operates a landscaping and mulching business in the Town of Brunswick, Rensselaer County. In April 2002, petitioner obtained site plan approval from the Planning Board of respondent Town of Brunswick to operate its business on a five-acre parcel of land zoned for industrial use. Shortly thereafter, petitioner purchased an adjoining 43-acre parcel that fell within a "Schools and Cemeteries" zone as depicted on the Town's zoning map[1] and, in 2004, acquired an abutting 26-acre parcel zoned for agricultural use. As each parcel was acquired, petitioner expanded its operations accordingly and, as the business grew, neighboring property owners began to complain of noise and other issues.

In June 2007, respondent John Kreiger, the Town's Code Enforcement Officer, sent a letter to petitioner expressing concern that petitioner's business had expanded beyond the scope of the original site plan. No response from petitioner apparently was forthcoming, prompting Kreiger to advise petitioner in July 2008 that it was in violation of its approved site plan and directing petitioner to submit an amended application with respect thereto. Petitioner submitted the requested application in October 2008 and, when the Planning Board convened in November 2008, the application was adjourned at petitioner's request to allow petitioner to compile "additional

---

1. Prior to expanding its operations to this parcel, petitioner performed certain fill work on the property and obtained permits from the Town in 2002 and 2004 for that purpose. Although petitioner points to these permits as evidence of the Town's awareness that petitioner was using the 43-acre parcel for its landscaping/mulching business, each of the permits identifies the five-acre parcel as the location of the property/work.

information."[2] The matter thereafter was tabled several times and, in January 2009, was "adjourned without date[ ] pending further research regarding zoning compliance matters."

In June 2010, Kreiger issued a notice of violation alleging that petitioner was conducting operations on the 43- and 26-acre parcels without the required approvals and, further, had exceeded the bounds of the 2002 site plan approval with respect to the original five-acre parcel. Petitioner appealed that notice of violation to respondent Town of Brunswick Zoning Board of Appeals (hereinafter ZBA) and, while that appeal was pending, Kreiger issued a second notice alleging various violations of the Town's zoning ordinance. Petitioner appealed that notice of violation as well, and the appeals were consolidated for purposes of the public hearing conducted by the ZBA in August 2011.[3] At the conclusion of that hearing, the ZBA issued a detailed decision sustaining the notices of violation and dismissing petitioner's appeals.

Petitioner thereafter commenced this combined CPLR article 78 proceeding and action for declaratory judgment seeking, among other things, to annul the ZBA's determination and a declaration that the "Schools and Cemeteries" designation as depicted on the Town's zoning map was unconstitutionally vague. Following interim motions not at issue here, respondents answered and counterclaimed to permanently enjoin petitioner's operations. Petitioner then moved for, among other things, summary judgment on its declaratory judgment claims and dismissal of respondents' counterclaim, and respondents cross-moved for, among other things, summary judgment and dismissal of the petition/complaint. Supreme Court denied petitioner's motion, granted respondents' cross motion and dismissed the petition/complaint. This appeal by petitioner ensued.

We affirm. Initially, we reject petitioner's assertion that respondents are estopped from prohibiting it from conducting

2. The record does not disclose the substance of the additional information sought or requested, nor does it reflect that such information ever was tendered to the Planning Board.

3. In the interim, the Town apparently suggested that petitioner either obtain a use variance, pursue a zoning change or apply for designation as a planned development district. Petitioner initially pursued the latter option but, in October 2010, entered into a memorandum agreement with Kreiger and respondent Town of Brunswick Town Board in an effort to resolve the outstanding zoning issues between the parties. Ultimately, the agreement did not achieve its desired goals and, in June 2011, petitioner effectively terminated the agreement, withdrew certain of its site plan and rezoning applications and indicated its intent to, among other things, pursue its appeals before the ZBA.

grinding and mulching operations on the subject parcels. The crux of petitioner's argument on this point is that respondents not only were well aware that petitioner had expanded its operations to the 43- and 26-acre parcels but, more to the point, actively encouraged petitioner to do so. It is well settled, however, that estoppel cannot be invoked against a municipality to either (1) prevent it from discharging its statutory duties, (2) ratify administrative errors, or (3) preclude it from enforcing its zoning laws (*see Matter of Parkview Assoc. v City of New York*, 71 NY2d 274, 282 [1988]; *Matter of Village of Fleischmanns [Delaware Natl. Bank of Delhi]*, 77 AD3d 1146, 1148 [2010]; *Van Kleeck v Hammond*, 25 AD3d 941, 942 [2006]). Although an estoppel defense may lie where the municipality engages in "fraud, misrepresentation, deception, or similar affirmative conduct" upon which there is "reasonable reliance" (*Town of Copake v 13 Lackawanna Props., LLC*, 99 AD3d 1061, 1064 [2012] [internal quotation marks and citations omitted], *lv denied* 20 NY3d 857 [2013]; *accord Matter of County of Orange [Al Turi Landfill, Inc.]*, 75 AD3d 224, 238 [2010]; *see Matter of Village of Fleischmanns [Delaware Natl. Bank of Delhi]*, 77 AD3d at 1148), the conduct alleged here, in our view, does not rise to that level.[4] Accordingly, Supreme Court properly rejected petitioner's estoppel claim.

We reach a similar conclusion with respect to respondents' asserted violation of the Open Meetings Law (*see* Public Officers Law art 7). Upon determining that a public body has failed to comply with the provisions of the Open Meetings Law, a "court shall have the power, in its discretion, upon good cause shown, to declare . . . the action taken in relation to such violation void, in whole or in part" (Public Officers Law § 107 [1]; *see New Yorkers for Constitutional Freedoms v New York State Senate*, 98 AD3d 285, 296 [2012], *lv denied* 19 NY3d 814 [2012]; *Matter of Ireland v Town of Queensbury Zoning Bd. of Appeals*, 169 AD2d 73, 76 [1991]). Thus, even assuming that the ZBA violated the Open Meetings Law by, among other things, going into executive session during its December 5, 2011 meeting without stating—with sufficient particularity—a valid reason for doing so (*see* Public Officers Law § 105), its actions with re-

---

4. The conduct cited by petitioner includes a conversation with respondent Phil Herrington, the Town Supervisor, who allegedly encouraged one of petitioner's representatives to purchase the 43-acre parcel for use in petitioner's existing operations, as well as the issuance of the relevant fill permits (*see* note 1, *supra*), a building permit and certificate of occupancy for a structure built on the five-acre parcel, resolutions supporting the inclusion of two of the parcels in a New York State Empire Zone and various inspections of petitioner's properties by Town officials.

spect to petitioner's appeals are "not void but, rather, voidable" (*Matter of Ireland v Town of Queensbury Zoning Bd. of Appeals*, 169 AD2d at 76) upon good cause shown (*see* Public Officers Law § 107 [1]). In light of the substantial public input at the August 2011 hearing and the parties' extensive documentary submissions, and in the corresponding absence of any indication that the ZBA intentionally violated the Open Meetings Law, we find that petitioner failed to establish good cause warranting the exercise of our discretionary power to invalidate the ZBA's determination (*see generally New Yorkers for Constitutional Freedoms v New York State Senate*, 98 AD3d at 296-297; *McGovern v Tatten*, 213 AD2d 778, 780-781 [1995]; *Matter of Malone Parachute Club v Town of Malone*, 197 AD2d 120, 124 [1994]; *compare Matter of Gordon v Village of Monticello*, 207 AD2d 55, 59 [1994], *revd on other grounds* 87 NY2d 124 [1995]).

Nor are we persuaded that the ZBA's interpretation of the "Schools and Cemeteries" designation as depicted on the Town's zoning map is irrational or that such designation is unconstitutionally vague. As to the constitutional claim, "there is no requirement that every term in a statute [or zoning ordinance] be precisely defined; rather, a statute [or ordinance] will pass constitutional muster so long as it provides persons of ordinary intellect reasonable notice of the proscribed conduct" (*Matter of Flow v Mark IV Constr. Co.*, 288 AD2d 779, 780 [2001] [internal quotation marks and citation omitted]; *see Matter of Griffiss Local Dev. Corp. v State of N.Y. Auth. Budget Off.*, 85 AD3d 1402, 1403 [2011], *lv denied* 17 NY3d 714 [2011]; *Matter of Morrissey v Apostol*, 75 AD3d 993, 996 [2010]). Here, we are satisfied that the average person is able to grasp the meaning of the designation "Schools and Cemeteries" as depicted on the Town's zoning map without resorting to guesswork and, further, that the common understanding of those words is not so expansive as to lead to arbitrary enforcement (*see Matter of Flow v Mark IV Constr. Co.*, 288 AD2d at 780; *Matter of Griffiss Local Dev. Corp. v State of N.Y. Auth. Budget Off.*, 85 AD3d at 1404; *Matter of Morrissey v Apostol*, 75 AD3d at 996). Accordingly, petitioner's constitutional claim must fail.

Petitioner's related assertion—that the ZBA impermissibly created a use restriction with respect to the 43-acre parcel that does not otherwise exist in the Town's zoning ordinance—is equally unpersuasive. Section 2 of the Town of Brunswick Zoning Ordinance divides the Town into 10 enumerated zoning districts; "Schools and Cemeteries"—the zone within which the 43-acre parcel lies—is not listed as one of those districts. Similarly, the accompanying Schedule of Regulations, which is

expressly incorporated into and made a part of the zoning ordinance (*see* Town of Brunswick Zoning Ordinance § 6 [1958]), makes no mention of the permitted uses within the "Schools and Cemeteries" zone. However, section 3 of the ordinance states that the zoning districts "are bounded and defined as indicated on [the Town's zoning] map . . . which accompanies and which, with all explanatory matter thereon, is hereby made a part of this ordinance" (Town of Brunswick Zoning Ordinance § 3 [1958]).[5]

To be sure, the Town's zoning ordinance could have been drafted with greater clarity and, as the interpretation thereof presents a purely legal question, we agree with petitioner that no deference to the ZBA's determination is required (*see Matter of Subdivisions, Inc. v Town of Sullivan*, 92 AD3d 1184, 1185 [2012], *lv denied* 19 NY3d 811 [2012]; *Matter of Shannon v Village of Rouses Point Zoning Bd. of Appeals*, 72 AD3d 1175, 1177 [2010]). In reviewing the ordinance, however, we must "read[ ] all of its parts together," construe any unambiguous language contained therein in such a fashion as to "give effect to its plain meaning" and avoid a construction that "render[s] any of [the] language [employed] superfluous" (*Matter of Erin Estates, Inc. v McCracken*, 84 AD3d 1487, 1489 [2011] [internal quotation marks and citation omitted]). Although petitioner argues that, in the absence of an express list of permitted or prohibited uses, the ordinance "does not impose *any* land use restrictions on property in a 'Schools and Cemeteries' zone," such an interpretation would render the inclusion of the "Schools and Cemeteries" zone on the Town's zoning map meaningless and would ignore what we already have determined to be the commonly understood meaning of those words. For these reasons, the ZBA rationally and properly concluded that petitioner's commercial mulching operation is not a permitted use on the 43-acre parcel lying within the "Schools and Cemeteries" zone.

We reach a similar conclusion regarding the ZBA's determination that petitioner's use of the 26-acre parcel for the production, storage and distribution of mulch/topsoil is not permitted within the agricultural district in which that parcel lies.[6] Pursuant to the Town's Schedule of Regulations, permitted uses within an agricultural district include, insofar as is relevant here, "[f]arms" and "[f]orestry and [n]ursery operations."

---

**5.** A 1964 amendment to the zoning ordinance modified this provision only to the extent of reflecting the date upon which the zoning map was adopted.

**6.** There is some indication that petitioner is raising beef cattle on this parcel as well, the propriety of which does not appear to be in dispute at this time.

Without repeating the reasoned analysis undertaken by the ZBA, we are satisfied—upon reviewing the definition of the terms "farm" (*see* Town of Brunswick Zoning Ordinance § 1 [1958]), "farm product" (*see* Agriculture and Markets Law § 2 [5]), "farm operation" (*see* Agriculture and Markets Law § 301 [11]), "forestry" (*see* http://www.merriam-webster.com/ dictionary /forestry) and "nursery" (*see* http://www.merriam-webster.com /dictionary/nursery)—that petitioner's commercial mulching operation is not encompassed by any of those terms and, as such, is not a permitted use within an agricultural district. In short, as the ZBA's determination on this point is rational, it will not be disturbed.

Petitioner's remaining contentions do not warrant extended discussion. Contrary to petitioner's assertion, the Planning Board's failure to render a decision on petitioner's October 2008 amended site plan application did not result in a default approval thereof as there is nothing in the record to suggest that petitioner ever tendered a "completed application" (Town of Brunswick Site Plan Review Act § 4 [D]; *see* note 2, *supra*). Petitioner's related assertion—that the ZBA erred in sustaining the underlying notices of violation—is unpersuasive. The ZBA's conclusion that petitioner violated the Town's Site Plan Review Act by conducting operations on the 43- and 26-acre parcels without the required approvals and exceeding the scope of the 2002 site plan approval issued with respect to the five-acre parcel finds ample support in the record,[7] as does—for the reasons already discussed—the ZBA's resolution of the underlying zoning violations.

Finally, petitioner takes issue with the ZBA's determination that petitioner's use of an existing private road, which extends over the five- and 43-acre parcels, to access the 26-acre parcel violates the Town's zoning ordinance. "Generally, [u]se of land in one zoning district for an access road to another zoning district is prohibited where the road would provide access to uses that would themselves be barred if they had been located in the first zoning district" (*Matter of BBJ Assoc., LLC v Zoning Bd. of Appeals of Town of Kent*, 65 AD3d 154, 162 [2009] [internal quotation marks and citations omitted]). Stated another way, the use to which the access road leads must be permitted in the zoning district(s) over which it extends (*see e.g. City of Yonkers v Rentways, Inc.*, 304 NY 499, 503-504 [1952];

---

**7.** While petitioner's appeals were pending, the Planning Board—consistent with the requirements of section 12 (C) of the Town of Brunswick Zoning Ordinance—issued an advisory opinion documenting petitioner's violations of the Town's Site Plan Review Act.

*Korcz v Elhage*, 1 AD3d 903, 904-905 [2003]; *Matter of Partition St. Corp. v Zoning Bd. of Appeals of City of Rensselaer*, 302 AD2d 65, 67 [2002], *lv denied* 99 NY2d 511 [2003]). As noted previously, the five-acre parcel is zoned for industrial use, the 43-acre parcel is zoned "Schools and Cemeteries" and the 26-acre parcel is zoned for agricultural use. Inasmuch as farming is not a permitted use in either an industrial or a "Schools and Cemeteries" zone, the ZBA rationally concluded that petitioner's use of the private road across the five- and 43-acre parcels to access its "farming" operations on the 26-acre parcel violates the Town's zoning ordinance. Petitioner's remaining contentions, including its assertion that Supreme Court erred in granting respondents summary judgment on their counterclaim, have been examined and found to be lacking in merit.

Mercure, J.P., Stein and McCarthy, JJ., concur. Ordered that the order and judgment is affirmed, without costs.