Grodinsky v City of Cortland (2018 NY Slip Op 05236)





Grodinsky v City of Cortland


2018 NY Slip Op 05236


Decided on July 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 12, 2018

524463

[*1]MARC GRODINSKY et al., Appellants,
v
CITY OF CORTLAND et al., Respondents.

Calendar Date: May 30, 2018

Before: Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ.


Stephen E. LaGrou, Rochester (John A. Cirando of D.J. & J.A. Cirando, Esqs., Syracuse, of counsel), for appellants.
Coughlin & Gerhart, LLP, Binghamton (Oliver N. Blaise III of counsel), for respondents.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from a judgment of the Supreme Court (Rumsey, J.), entered April 5, 2016 in Cortland County, which, among other things, partially denied plaintiffs' motion for summary judgment.
Plaintiffs own residential properties in the City of Cortland, Cortland County and rent their properties primarily to groups of college students. With certain exceptions, a local ordinance requires an owner to obtain a rental permit before renting or leasing any rental building or structure in the City of Cortland and limits the occupancy of dwelling units to a "family," as that term is defined in Cortland City Code chapter 300 (see Cortland City Code §§ 102-10, 300-2 [B]). The ordinance also requires owners of rental properties located in the City of Cortland to complete a form disclosing certain information with respect to their units, including the "maximum number of tenants in each and every dwelling unit, . . . and any other pertinent data sought by the Code Enforcement Officer" (Cortland City Code § 102-9 [A]).
In 2010, plaintiffs commenced this declaratory judgment action challenging, as relevant here, several provisions of chapters 102 and 300 of the Cortland City Code. As relevant here, plaintiffs contended that the terms "family," "functional equivalent of a traditional family" and "certificate of zoning compliance" (hereinafter collectively referred to as the disputed terms) are unconstitutionally vague, that limiting the occupancy of dwelling units to a family is not [*2]reasonably related to a legitimate governmental purpose and that the disclosure requirements set forth in Cortland City Code § 102-9, with respect to the number of tenants residing in a given unit, violates their Fifth Amendment privilege against self-incrimination. Issue was joined and, in 2015, defendants moved for summary judgment dismissing the amended complaint. Plaintiffs cross-moved for summary judgment seeking various declarations with respect to the ordinance. As pertinent to the current dispute, Supreme Court declared that the disputed terms are not unconstitutionally vague, the occupancy restriction with respect to dwelling units is reasonably related to a legitimate governmental interest and the disclosure requirements do not violate the Fifth Amendment privilege against self-incrimination [FN1]. Plaintiffs now appeal, and we affirm.
Plaintiffs contend that the disputed terms are unconstitutionally vague and argue that Supreme Court erred in failing to apply a heightened vagueness analysis. We disagree. New York courts have consistently applied an ordinary intellect analysis when assessing vagueness challenges to zoning ordinances — a standard that considers whether the ordinance "contains sufficient standards to afford a reasonable degree of certainty so that a person of ordinary intelligence is not forced to guess at its meaning and to safeguard against arbitrary enforcement" (Matter of Morrissey v Apostol, 75 AD3d 993, 996 [2010] [internal quotation marks and citations omitted]; see e.g. Matter of Oakwood Prop. Mgt., LLC v Town of Brunswick, 103 AD3d 1067, 1070 [2013], lv denied 21 NY3d 853 [2013]; Town of Islip v Caviglia, 141 AD2d 148, 163 [1988], affd 73 NY2d 544 [1989]). We see no reason to depart from this well-defined standard and decline to adopt the heightened analysis urged by plaintiffs.
Applying the appropriate analysis, the term "family" is defined in the Cortland City Code as "[o]ne, two or three persons occupying a dwelling unit" or "[f]our or more persons occupying a dwelling unit and living together as a traditional family or the functional equivalent of a traditional family" (Cortland City Code § 300-2 [B] [1], [2]). Further, it is "presumptive evidence that four or more persons living in a single dwelling unit who are not related by blood, marriage or legal adoption do not constitute the functional equivalent of a traditional family" (Cortland City Code § 300-2 [B] [2] [a]). The ordinance provides detailed criteria to be utilized when assessing whether a group of four or more individuals who are living together and who have no blood or legal relationship are the functional equivalent of a traditional family (see Cortland City Code § 300-2 [B] [2] [b]).[FN2]
In 2010, we concluded that nearly identical definitions of the terms "family" and "functional equivalent of a traditional family" in a former version of the Albany City Code [FN3] were not unconstitutionally vague, particularly "given the body of case law — specific to the zoning realm — interpreting the term 'family'" (Matter of Morrissey v Apostol, 75 AD3d at 996; see e.g. Village of Belle Terre v Boraas, 416 US 1 [1974]; McMinn v Town of Oyster Bay, 66 NY2d 544 [1985]; Group House of Port Washington v Board of Zoning & Appeals of Town of N. Hempstead, 45 NY2d 266 [1978]; City of White Plains v Ferraioli, 34 NY2d 300 [1974]). We are similarly satisfied that these terms, as set forth in the Cortland City Code, are readily discernable from the plain language of the ordinance, and a person of ordinary intellect is able to understand their meaning. Furthermore, while the phrase "traditional family" is not precisely defined, its meaning may be gleaned from the clearly delineated and objective criteria set forth in the ordinance used to assess whether four or more persons who are not related by blood, marriage or legal adoption are occupying a dwelling unit as the functional equivalent of a traditional family (see City Code § 300-2 [B] [2] [b]).
As to the term "certificate of zoning compliance," although the ordinance does not define this term, "there is no requirement that every term in a statute or zoning ordinance be precisely defined; rather, a statute or ordinance will pass constitutional muster so long as it provides persons of ordinary intellect reasonable notice of the proscribed conduct" (Matter of Oakwood Prop. Mgt., LLC v Town of Brunswick, 103 AD3d at 1070 [internal quotation marks, brackets and citations omitted]; see Matter of Flow v Mark IV Constr. Co., 288 AD2d 779, 780 [2001]). We agree with Supreme Court that the term "certificate of zoning compliance" is readily discernable from its plain language and from the case law referencing this document (see e.g. Matter of Salino v Cimino, 1 NY3d 166, 170 [2003]; Ford v Sivilli, 2 AD3d 773, 774 [2003]; Matter of Coco v City of Rochester Zoning Bd. of Appeals, 236 AD2d 826, 827 [1997]), and that a person of ordinary intellect would understand it to be a document certifying that a property complies with a zoning ordinance. Inasmuch as a person of ordinary intelligence is able to understand the meaning of the challenged terms and the ordinance contains sufficiently defined standards to safeguard against arbitrary enforcement, plaintiffs' vagueness challenge is unavailing (see e.g. Matter of Oakwood Prop. Mgt., LLC v Town of Brunswick, 103 AD3d at 1070; Matter of Morrissey v Apostol, 75 AD3d at 995).
Next, plaintiffs argue that the manner in which the terms "family" and "functional equivalent of a traditional family" are defined do not reasonably relate to a legitimate governmental purpose. "[Z]oning ordinances are presumed to be constitutional and the challenger bears the burden of proving unconstitutionality beyond a reasonable doubt" (Matter of Morrissey v Apostol, 75 AD3d at 995; see McMinn v Town of Oyster Bay, 66 NY2d at 548). A zoning ordinance is constitutional if "(1) it is enacted to further a legitimate governmental purpose and (2) there is a reasonable relation between the goal of the ordinance and the means employed to achieve that goal" (Matter of Morrissey v Apostol, 75 AD3d at 995; see Matter of [*3]Genesis of Mount Vernon v Zoning Bd. of Appeals of City of Mount Vernon, 81 NY2d 741, 743-744 [1992]). The statement of purpose contained within Cortland City Code chapter 102 states that "there exist[s] in the City of Cortland issues arising from the rental of dwelling units" and dwelling units "that are inadequate in size, overcrowded and dangerous . . . create blight, excessive vehicular traffic and parking problems and . . . tend to overburden municipal services" (Cortland City Code § 102-2). It further states that the City of Cortland has transient residents, "many of whom occupy rental housing within the City and whose members have generated a disproportionate number of complaints of public nuisances, including but not limited to noise, property damage and property neglect" and that the provisions of the ordinance must be enforced to "halt the proliferation of such conditions" to promote "public health, safety, welfare [and] good order" (Cortland City Code § 102-2).
The record therefore reflects that the rental occupancy restriction was enacted to, among other things, serve a legitimate governmental interest in diminishing public nuisances created from the overcrowding of dwelling units occupied by transient residents (cf. McMinn v Town of Oyster Bay, 66 NY2d at 549; City of White Plains v Ferraioli, 34 NY2d at 305). Because the ordinance does not favor certain types of families over others, or restrict the size of unrelated persons living as a functionally equivalent family without also restricting the size of a traditional family, it does not suffer from the same constitutional infirmities as the ordinances in McMinn v Town of Oyster Bay (66 NY2d at 549) or Baer v Town of Brookhaven (73 NY2d 942, 943 [1989]). Moreover, the ordinance here contains objective criteria for rebutting the presumption that four or more persons living together in a single dwelling unit who are unrelated by blood, marriage or legal adoption do not constitute the functional equivalent of a traditional family (see Matter of Unification Theol. Seminary v City of Poughkeepsie, 201 AD2d 484, 485 [1994]), and the occupancy restriction bears a reasonable relationship to the goals sought to be achieved by the ordinance. In light of the foregoing, plaintiffs have not established that the challenged provisions of the ordinance are unconstitutional (see Matter of Atlas Henrietta, LLC v Town of Henrietta Zoning Bd. of Appeals, 120 AD3d 1606, 1606 [2014]; Village of Brockport v Webster, 283 AD2d 1010, 1010 [2001]; Matter of Unification Theol. Seminary v City of Poughkeepsie, 201 AD2d at 485).
We have considered plaintiffs' remaining contentions, including their claim that the disclosure requirements set forth in Cortland City Code § 102-9 violate the Fifth Amendment, and find them to be without merit.
Lynch, Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1:Supreme Court partially granted summary judgment in plaintiffs' favor with respect to the fifth cause of action pertaining to Cortland City Code § 102-8 (A) (2) by declaring that section to be unenforceable. It then granted summary judgment to defendants to the extent of dismissing the first cause of action and rendering declarations in their favor as to the remaining causes of action.

Footnote 2:The criteria assesses, among other things, whether: "(1) [t]he group is one which in theory, size, appearance, structure and function resembles a traditional family unit[;] (2) [t]he occupants . . . share the entire dwelling unit and live and cook together as a single housekeeping unit. A unit in which the various occupants act as separate roomers may not be deemed to be occupied by the functional equivalent of a traditional family[;] [and] (3) [t]he group shares expenses for food, rent or ownership costs, utilities and other household expenses" (Cortland City Code § 300-2 [B] [2] [b]).

Footnote 3:The former provisions of chapter 375 of the Albany City Code, which contained the definitions of these terms, were repealed in 2017.