[891 NYS2d 873]

In the Matter of GRIFFISS LOCAL DEVELOPMENT CORPORATION, Petitioner, v STATE OF NEW YORK AUTHORITY BUDGET OFFICE et al., Respondents.

Supreme Court, Albany County, December 1, 2009

**APPEARANCES OF COUNSEL**

*Saunders Kahler LLP*, Utica (*James S. Rizzo* of counsel), for petitioner. *Andrew M. Cuomo, Attorney General*, Albany (*Megan M. Brown* of counsel), for respondents.

**OPINION OF THE COURT**

MICHAEL C. LYNCH, J.

In this combined CPLR article 78 proceeding/declaratory judgment action, petitioner Griffiss Local Development Corporation (hereinafter GLDC) seeks review of a determination by the respondent State of New York Authority Budget Office (hereinafter ABO) that the GLDC is an entity that is required to comply with the New York State Public Authorities Accountability Act of 2005 (L 2005, ch 766). Respondents oppose the petition and seek its dismissal.

The petitioner GLDC is a not-for-profit local development corporation incorporated pursuant to Not-For-Profit Corporation Law § 1411.[1] The respondent ABO was established as part of the New York State Public Authorities Accountability Act of 2005 (hereinafter PAAA) (L 2005, ch 766, § 27). The PAAA was enacted to, inter alia, "ensure greater efficiency, openness and accountability for our State's public authorities" (Senate Introducer Mem in Support, Bill Jacket, L 2005, ch 766, at 4). The ABO's responsibilities include maintenance of a "comprehensive inventory" of public authorities and their annual reports and to review and analyze the authorities' practices and reports to ensure compliance with the PAAA (L 2005, ch 766, § 27 [2]).

---

1. The GLDC's certificate of incorporation provides that it was organized "for the charitable and public/quasi-public purpose of participating in the development and implementation of a comprehensive strategy to maintain, strengthen and expand the uses and viability of the former Griffiss Air Force Base in the City of Rome and Oneida County, . . . , working with the United States Air Force Department of Defense and other federal, state and local officials and with the private sector to redevelop and expand the uses of the facilities within the former Griffiss Air Force Base, . . . , promoting and providing for additional employment within the City of Rome; carrying on research and development projects associated with the former Griffiss Air Force Base . . . , and enhancing and cultivating linkages between federal business, academia, State and local entities and the former Griffiss Air Force Base facilities, . . . ; and otherwise lessening the burdens of government and acting in the public interest . . . The Corporation shall cooperate and coordinate its activities and plans with local governments in the City of Rome, Oneida County and the City of Utica and shall coordinate its efforts with the Oneida County Industrial Development Corporation, Rome Industrial Development Corporation and City of Utica Department of Urban and Economic Development, and other state and local economic development organizations that may be appropriate" (petition, exhibit A, certificate of incorporation filed Nov. 1, 1994).

By correspondence dated October 7, 2008, the ABO notified petitioner that it had made a "preliminary determination" that the GLDC "satisfies [the] definition of a public authority" set forth in the PAAA and that it was thus subject to the PAAA's disclosure, reporting, and corporate governance requirements (petition, exhibit A). After petitioner's counsel wrote to the ABO to set forth the basis for its belief that the GLDC was not subject to the PAAA (*see* petition, exhibit B, correspondence dated Nov. 7, 2008), the ABO responded that it determined the GLDC was subject to the PAAA because (1) the GLDC "is incorporated as a local development corporation (LDC) under [Not-For-Profit Corporation Law § 1411] for the purpose of performing an essential governmental function. This section defines an LDC as a public benefit corporation, and, therefore, a public authority pursuant to [Public Authorities Law § 2 (2) (a)]"; (2) the GLDC is "affiliated with the City of Rome since the Mayor is a member of its Board" ; and (3) the GLDC is "affiliated with the Oneida County Industrial Development Agency, which shares staff with the GLDC" (*see* petition, exhibit C, correspondence dated Jan. 26, 2009).

Petitioner's counsel again wrote to dispute the determination (petition, exhibit D, correspondence dated Jan. 29, 2009). Notwithstanding petitioner's objections, on February 11, 2009, petitioner was advised via an electronic mail transmission from the ABO that, based on the determination that it was subject to the PAAA, a GLDC representative had to enroll in certain training to ensure that statutorily required reports were properly filed by the end of 2009 (exhibit D). Again, petitioner protested the determination (petition, exhibit D, correspondence dated Feb. 16, 2009).

By correspondence dated February 24, 2009, respondent provided further explanation for its determination that the GLDC is a public authority subject to the PAAA (exhibit D). Specifically, the ABO advised that it was its

"position that any local development corporation that accepts State, local government, or public authority funding; administers or manages public funds; approves or allocates public financial assistance or State or municipal tax exemptions; or relies on State, local government, or public authority employees to act as administrative or operations staff, is a public authority for the purpose of filing statutorily-required reports through the ABO."

Further, the ABO explained,

"We believe that the GLDC is a public or quasi-public corporation that was established to achieve a public purpose or to perform a governmental function . . . you acknowledge that the membership of the [GLDC] board is comprised of appointees of the Governor and the Legislature and includes local elected officials."

The ABO also noted that the GLDC accepts money from the New York State Urban Development Corporation, and, "since Article VII, Section 8 of the State Constitution prohibits the State from giving or loaning aid to a private corporation or private undertaking, this arrangement would indicate that GLDC is not a private entity." The ABO's determination also cited the GLDC's tax filing which indicated that, in 2006, it received "substantial financial support" from government sources and no support from private sources. Finally, the ABO relied on a 1999 opinion by the Committee on Open Government that the GLDC was a "public body" for purposes of the Public Officers Law.

In response to petitioner's further protestation and inquiry, respondent explained that petitioner's submissions to date were not sufficient to alter its determination. Further, it advised that although there was no "administrative or appellate process" available, the "list" of covered entities is subject to periodic review. Thus, it offered petitioner the opportunity to provide additional information and promised that revision would be considered if warranted. This CPLR article 78 proceeding ensued.

The issue presented is whether the GLDC, a local development corporation formed pursuant to Not-For-Profit Corporation Law § 1411, is subject to the PAAA. Respondent argues that this court should defer to the agency's determination.

"Where the ' "interpretation of a statute or its application involves knowledge and understanding of underlying operational practices or entails an evaluation of factual data and inferences to be drawn therefrom, the courts regularly defer to the governmental agency charged with the responsibility for administration of the statute." ' Where however, as here, the question is one of 'interpretation of statutes and pure questions of law,' . . . no deference is accorded by the courts to the agency's determination" (*Matter of Putnam N. Westchester Bd. of*

*Coop. Educ. Servs. v Mills*, 46 AD3d 1062, 1063 [2007] [citation omitted]).

Petitioner, relying primarily on the "origin and corporate purposes" of the entity, contends that the GLDC is neither a "state authority" nor a "local authority" as defined by the PAAA. The PAAA defines a "state authority" as

"(1) . . . a public authority or public benefit corporation created by or existing under this chapter or any other law of the state of New York, with one or more of its members appointed by the governor or who serve as members by virtue of holding a civil office of the state, other than an interstate or international authority or public benefit corporation, including subsidiaries of such public authority or public benefit corporation." (Public Authorities Law § 2 [1].)

The PAAA defines a "local authority" as

"(a) a public authority or public benefit corporation created by or existing under this chapter or any other law of the state of New York whose members do not hold a civil office of the state, are not appointed by the governor or are appointed by the governor specifically upon the recommendation of the local government or governments; (b) a not-for-profit corporation affiliated with, sponsored by, or created by a county, city, town or village government; (c) a local industrial developmental agency or authority or other local public benefit corporation; or (d) an affiliate of such local authority." (Public Authorities Law § 2 [2].)

Here, petitioner explains that the GLDC was formed as part of a "strategic plan to reduce the adverse economic impact expected to result from the realignment and closure of Griffiss Air Force Base" developed by the Oneida County Industrial Development Corporation (hereinafter OCIDC) (petition, exhibit B). The OCIDC formed the Griffiss Redevelopment Planning Council (GRPC), an "ad hoc" advisory committee to Oneida County, the City of Rome and the OCIDC. Respondent's submissions confirm the GRPC was created by the County and City "to serve as the local single point of contact to oversee and direct the redevelopment program for Griffiss" (Kidera affidavit, exhibit 4, at 6). The purpose of the GRPC, comprised of private citizens and public officials, was to develop a reuse plan for the former base (*id.*). The GRPC was dissolved when the

GLDC was formed in 1994. Relying on this history, petitioner contends that the GLDC is not subject to the PAAA because it was neither created by an act of the state, nor "affiliated with, sponsored by, or created by a county, city, town or village government." (Public Authorities Law § 2 [2] [b].) Instead, petitioner argues, the GLDC, being formed pursuant to the Not-For-Profit Corporation Law via the filing of a certificate of incorporation, stands as an independent entity with no "parent corporation," subject to regulation only by the Internal Revenue Service and the Attorney General of the State of New York (see petition at 15, 16, exhibit B at 4).

As set forth above, a "not-for-profit corporation affiliated with, sponsored by, or created by a county, city, town or village government" is subject to the PAAA (see Public Authorities Law § 2 [2] [b]). Notwithstanding petitioner's contention that the GLDC is not subject to the PAAA because it was "created" via the filing of a certificate of incorporation on November 1, 1994, the record before the court reveals that the GLDC evolved from state and county legislation authorizing its creation for the purpose of accepting federal, state, and county funds. The submissions demonstrate, for example, that the formation of a local development corporation was authorized by state legislation appropriating funds from the New York State Urban Development Corporation to "a local development corporation organized, with the cooperation of the Griffiss Redevelopment Planning Council, Oneida county, and the city of Rome, pursuant to and for the purposes enumerated under section 1411 of the not-for-profit corporation law." (Kidera affidavit, exhibit 2, L 1994, ch 63, § 110.)

In furtherance of the state authorizing legislation, in 1995 the Oneida County Legislature authorized an agreement with the GLDC[2] wherein:

> "The GLDC is created to assist Oneida County and
> the City of Rome in development and implementa-
> tion of the base reuse strategy for Griffiss Air Force
> Base, which shall include all of the activities and
> duties set forth in Section 1411 (c) of the Not For
> Profit Law, and in addition, all other powers now or
> hereafter conferred by law including, without limita-

---

**2.** Although the resolution is not part of the submissions, petitioner's counsel explains that the agreement was authorized pursuant to Oneida County Resolution No. 18, adopted January 11, 1995 (petition, exhibit B, correspondence dated Nov. 7, 2008, at n 10).

tion the powers set forth in the Certificate of Incorporation for the GLDC." (Exhibit 3 ¶ 5.) The agreement by and between Oneida County and the GLDC confirms that the GLDC "is the successor organization to the [GRPC] which was originally organized in 1993." (Kidera affidavit, exhibit 3.) Further, it explains that the Oneida County Legislature

"authorized and approved sponsorship of the Griffiss redevelopment effort by the County of Oneida through application of a grant . . . from the Department of Defense, Office of Economic Adjustment . . . and said resolution authorized and directed the [Oneida] County Executive to execute any and all documents related thereto as may be necessary to effect such grant" (id.).

Pursuant to the agreement between the County and the GLDC, the County was required to apply for federal grant monies for the period beginning October 1, 1994 through September 30, 1995. The GLDC agreed to serve as the grant program administrator. As applicant, the County was obligated to apply the federal grant funds it obtained toward the GLDC's operating budget. As administrator, the GLDC was required to, inter alia: (1) acquire staff from the Griffiss Redevelopment Planning Council; (2) adopt policies with respect to management, hiring, purchasing and contracting; (3) manage grant funds and comply with the County's auditing requirements; (4) apply grant money towards hiring consultants and obtaining professional services to assist in the redevelopment efforts; and (5) have Oneida County "sponsor all applications for federal and state funding where sponsorship from a municipal corporation is required" (id. ¶ 4).

"It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature, and where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used" (Patrolmen's Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208 [1976] [citations omitted]). Here, a finding that the GLDC is not subject to the PAAA because it was literally "created" by the filing of a certificate of incorporation would render the statute meaningless. One could conclude, for example, that every not-for-profit corporation is created upon such filing. Here, the submissions confirm that the GLDC was created by Oneida County with the cooperation

of the City of Rome and the GRPC. The court is thus satisfied that the GLDC is a "local authority" subject to the provisions of the PAAA. In light of this finding, petitioner's remaining arguments have been considered and are dismissed as academic.

Accordingly, based on the foregoing it is ordered and adjudged that the petition is dismissed; and it is further ordered, adjudged and declared that the petitioner GLDC is subject to the provisions of the Public Authorities Accountability Act of 2005.