■ In the Matter of GRIFFISS LOCAL DEVELOPMENT CORPORATION, Appellant, v STATE OF NEW YORK AUTHORITY BUDGET OFFICE et al., Respondents. [925 NYS2d 712]—

Stein, J. Appeal from a judgment of the Supreme Court (Lynch, J.), entered December 21, 2009 in Albany County, which, among other things, dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent Authority Budget Office requiring petitioner to comply with the Public Authorities Accountability Act of 2005.

Respondent Authority Budget Office (hereinafter respondent)[1] made a preliminary determination that petitioner—a not-for-profit local development corporation whose sole purpose is the redevelopment of the former Griffiss Air Force Base in the City of Rome, Oneida County—was a public authority and, as such, was subject to the Public Authorities Accountability Act of 2005

---

1. We recognize that, after commencement of this matter, a statutory change was made to respondent's name from "Authority Budget Office" to "Authorities Budget Office" (*see* L 2009, ch 506, § 5).

(*see* L 2005, ch 766 [hereinafter PAAA]).[2] After considering petitioner's arguments in opposition to its preliminary determination, respondent reaffirmed its position and rendered a final determination that petitioner was subject to the PAAA. When its further protests were unsuccessful, petitioner commenced this combined CPLR article 78 proceeding and declaratory judgment action seeking, among other things, to annul respondent's determination that it was required to comply with the PAAA and a declaration that the PAAA has no applicability to petitioner. Finding that petitioner "was created by Oneida County with the cooperation of the City of Rome and [a predecessor organization]," Supreme Court determined that petitioner was a " 'local authority,' " issued a declaration that petitioner is subject to the PAAA and dismissed the petition. Upon petitioner's appeal, we now affirm.

We agree with Supreme Court's well-reasoned determination that petitioner is a local authority, subject to the provisions of the PAAA. The intention of the Legislature in enacting the PAAA was to "improve oversight, accountability, and transparency [with respect to] public authorities, thereby strengthening public confidence in their important work" (Senate Introducer Mem in Support, Bill Jacket, L 2005, ch 766, at 7). Toward that end, the PAAA defines a local authority as "a not-for-profit corporation affiliated with, sponsored by, or created by a county, city, town or village government" (Public Authorities Law § 2 [2] [b], as amended by L 2005, ch 766, § 2).

Initially, we reject petitioner's contention that such definition is unconstitutionally vague. "Legislative enactments enjoy a 'presumption of constitutionality, imposing a heavy burden on a party trying to overcome it' " (*State of New York v Dennin*, 17 AD3d 744, 747 [2005], *lv dismissed* 5 NY3d 824 [2005], quoting *Matter of Carpenter Tech. Corp. v Commissioner of Taxation & Fin.*, 295 AD2d 830, 834 [2002], *lv denied* 99 NY2d 501 [2002]; *see People v Taylor*, 9 NY3d 129, 150 [2007]). "A statute withstands an attack for vagueness if it contains sufficient standards to afford a reasonable degree of certainty so that a person of ordinary intelligence is not forced to guess at its meaning and to safeguard against arbitrary enforcement" (*Salvatore v City of Schenectady*, 139 AD2d 87, 89 [1988] [citation omitted]). It is not necessary that all statutory terms be defined (*see Matter of Flow v Mark IV Constr. Co.*, 288 AD2d 779, 780 [2001]; *Matter of Addei v State Bd. for Professional Med. Conduct*, 278 AD2d

---

**2.** The PAAA imposes numerous requirements on entities subject to its provisions including, among other things, audits, reporting duties and board member training (*see* Public Authorities Law §§ 2800-2806, 2824-2825).

551, 552 [2000]). In our view, a plain reading of Public Authorities Law § 2 (2) (b) by a person of ordinary intelligence gives fair notice of what the statute means and to whom it applies with a reasonable degree of certainty (*see Foss v City of Rochester*, 65 NY2d 247, 253 [1985]), and the terms set forth therein, although undefined, are sufficiently clear to prevent unfettered discretion in determining which not-for-profit corporations are subject to the PAAA (*see generally People v Stuart*, 100 NY2d 412, 430 [2003, Kaye, Ch. J., concurring]; *Matter of Morrissey v Apostol*, 75 AD3d 993, 996 [2010]; *Salvatore v City of Schenectady*, 139 AD2d at 89).

Turning to the merits, we begin with the ordinary meaning of the relevant terms. The meaning of the word "create" is "to bring into existence" or "to produce or bring about by a course of action" (Merriam-Webster On-line Dictionary, http://www.merriam-webster. com/dictionary/create [accessed June 10, 2011]). The term "sponsor" has been defined as "one who assumes responsibility for some other person or thing" and "a person or an organization that pays for or plans and carries out a project or activity" (Merriam-Webster On-line Dictionary, http://www.merriam-webster.com/dictionary/sponsor [accessed June 10, 2011]). The term "affiliated" means "associated with" (Merriam-Webster On-line Dictionary, http://www.merriam-webster.com/dictionary/affiliated [accessed June 10, 2011]; *see* Black's Law Dictionary 63 [8th ed 2004]). Ascribing the plain and ordinary meaning to those terms (*see generally Friedman v Connecticut Gen. Life Ins. Co.*, 9 NY3d 105, 115 [2007]), we are of the view that petitioner was created by, sponsored by and/or affiliated with the local government within the meaning of the PAAA and, thus, qualifies as a "local authority" for purposes of the statute.

Griffiss Air Force Base, located in the City of Rome, Oneida County, was closed by the federal government in the mid-1990s, leaving the base largely vacant. As a result, the area suffered an economic downturn and local municipalities joined together in an attempt to maintain, strengthen and expand the use of the former base and promote employment in order to mitigate the adverse economic impact of the closing. Petitioner's predecessor organization, Griffiss Redevelopment Planning Council (hereinafter GRPC), was established by Oneida County and the City of Rome in 1994 and the State Legislature appropriated funds to the State Urban Development Corporation to "provide assistance . . . to a local development corporation organized, with the cooperation of the [GRPC, the County and the City]" (L 1994, ch 63, § 110). Petitioner's certificate of incorporation was

filed later that same year.[3] Petitioner's stated "public/quasi-public purposes" include "lessening the burdens of government and acting in the public interest" and require that petitioner "cooperate and coordinate . . . with local governments in the City of Rome, Oneida County and the City of Utica . . . and other state and local economic development organizations that may be appropriate." Moreover, the certificate of incorporation provides that, upon its dissolution, petitioner's assets will be distributed to Oneida County and the City of Rome. Pursuant to its bylaws and as specified by the funding legislation, petitioner's board of directors consists of 15 directors, including the Mayor of the City of Rome, three mayoral appointees, the Oneida County Executive and three of his or her appointees (*see* L 1994, ch 63, § 110). Thus, as a condition of the appropriation, a majority of petitioner's board is comprised of local officials.

In February 1995, the County entered into an agreement with petitioner outlining the terms upon which petitioner would succeed GRPC. The agreement explains that the Oneida County Legislature "authorized and approved *sponsorship* of the Griffiss redevelopment effort by the County of Oneida through application of a grant . . . from the Department of Defense, Office of Economic Adjustment . . . and said resolution authorized and directed the [Oneida] County Executive to execute any and all documents related thereto as may be necessary to effect such grant" (emphasis added). The County not only agreed to be the applicant for the federal funding, but also directly provided petitioner with funds to be used for the redevelopment efforts at Griffiss Air Force Base. The federal grant received by the County was administered by petitioner pursuant to its contract with the County. Additional financing for the project was obtained by issuing certain bonds and involved the assignment to petitioner by local taxing jurisdictions of a portion of payments in lieu of taxes. Overall, the record strongly reflects the close relationship between petitioner and local governments, and persuades us that petitioner, whose purpose is to assist such municipalities in carrying out their redevelopment efforts, is the type of entity that the Legislature intended to subject to the provisions of the PAAA.[4]

---

**3.** Apparently, GRPC's lack of status as a legal entity was an impediment to the receipt of certain grants and the GRPC had considered a variety of alternative structures that were determined to be unfeasible.

**4.** Contrary to the contentions of petitioner and amici curiae, this conclusion does not signify that any not-for-profit corporation that receives money from, provides a service for or has any relationship with local municipalities, however marginal, will be considered to be a "local authority" for purposes of

Petitioner's remaining contentions, to the extent they are properly before us, have been considered and are unavailing.

Mercure, J.P., Peters, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, without costs. **[Prior Case History: 26 Misc 3d 815.]**

the PAAA. The determination here that petitioner is such an entity is based upon the totality of the circumstances including, among other things, its establishment for a sole public/quasi-public purpose.