■ FULTON COUNTY ECONOMIC DEVELOPMENT CORPORATION, Appellant, v NEW YORK STATE AUTHORITIES BUDGET OFFICE et al., Respondents. [954 NYS2d 700]—

Mercure, J.P. Appeal from an order of the Supreme Court (Aulisi, J.), entered August 5, 2011 in Albany County, which granted defendants' motion to, among other things, convert the action to a CPLR article 78 proceeding.

Plaintiff, a not-for-profit local development corporation, commenced this declaratory judgment action challenging a determination of defendant New York State Authorities Budget Office (hereinafter ABO) that plaintiff is a "local authority" as defined by Public Authorities Law § 2 (b) and therefore subject to the requirements of the Public Authorities Accountability Act of 2005 (L 2005, ch 766). That determination was conveyed to plaintiff by a September 2010 letter, which instructed plaintiff to "begin complying immediately" with the Public Authorities Law by filing its budget, annual, procurement and investment reports, as well as a copy of its annual independent audit. ABO also named plaintiff as a covered authority on its website and listed plaintiff in a January 2011 public report of delinquent authorities.

After commencement of the action in January 2011, defendants moved for conversion to a CPLR article 78 proceeding and for a change of venue. Defendants noted that plaintiff's allegations were based upon its claim that ABO had acted "arbitrarily" in applying the Public Authorities Accountability Act to it. Plaintiff, in response, argued that an article 78 proceeding does not lie because ABO had not yet rendered a final determination. Supreme Court granted the motion, and plaintiff now appeals, challenging only that part of the decision that converted the action to an article 78 proceeding.

Plaintiff asserts that it is primarily seeking a resolution of the question whether the definition of the term "local authority" in Public Authorities Law § 2 (b) applies to local development corporations, such as plaintiff, that were created by private individuals. Plaintiff maintains that a declaratory judgment ac-

tion is the only means through which it can obtain the relief sought and, thus, Supreme Court abused its discretion in granting defendants' motion for conversion. We disagree.

The essence of plaintiff's claim is that ABO's interpretation of Public Authorities Law § 2 (b) was arbitrarily made in disregard of the statutory language and the case law interpreting the statute—i.e., that ABO's application of the statute "was affected by an error of law or was arbitrary and capricious" (CPLR 7803 [3]). Such a claim is reviewable in a CPLR article 78 proceeding, subject to a four-month statute of limitations (*see Matter of Griffiss Local Dev. Corp. v State of N.Y. Auth. Budget Off.*, 85 AD3d 1402, 1403-1405 [2011], *lv denied* 17 NY3d 714 [2011]; *see also Walton v New York State Dept. of Correctional Servs.*, 8 NY3d 186, 194 [2007]; *New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 204-205 [1994]; *Dimiero v Livingston-Steuben-Wyoming County Bd. of Coop. Educ. Servs.*, 199 AD2d 875, 877 [1993], *lv denied* 83 NY2d 756 [1994]). Moreover, as ABO concedes, its determination was final; that is, the determination reached a definitive position and inflicted concrete injury—it required immediate compliance with the reporting obligations imposed by the Public Authorities Accountability Act of 2005 (*see Walton v New York State Dept. of Correctional Servs.*, 8 NY3d at 194; *Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34 [2005]). Contrary to plaintiff's argument, ABO's acknowledgment of its authority to reconsider the determination if plaintiff submitted additional documentation did not render the determination nonfinal (*see Wechsler v State of New York*, 284 AD2d 707, 709 [2001], *lv denied* 97 NY2d 607 [2001]; *Matter of Hunt Bros. Contrs. v Glennon*, 214 AD2d 817, 819 [1995]). Accordingly, inasmuch as "a declaratory judgment action is not the proper vehicle to challenge an administrative procedure[ ] where judicial review by way of [an] article 78 proceeding is available" (*Greystone Mgt. Corp. v Conciliation & Appeals Bd. of City of N.Y.*, 62 NY2d 763, 765 [1984]), Supreme Court properly granted defendants' motion for conversion.*

Lahtinen, Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

---

* To the extent that plaintiff seeks a writ of prohibition, that remedy is similarly foreclosed by the availability of mandamus to review under CPLR 7803 (3) (*see Matter of Doe v Axelrod*, 71 NY2d 484, 490 [1988]; *Matter of City of Newburgh v Public Empl. Relations Bd. of State of N.Y.*, 63 NY2d 793, 795 [1984]).