■ In the Matter of OPERATION OSWEGO COUNTY, INC., Respondent, v STATE OF NEW YORK AUTHORITIES BUDGET OFFICE, an independent entity within the Department of State, Appellant. [3 NYS3d 875]—

Appeal from a judgment (denominated order) of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered December 16, 2013 in a CPLR article 78 proceeding and a declaratory judgment action. The judgment, among other

things, ordered that a permanent injunction shall be entered against respondent prohibiting respondent from enforcing the reporting requirements complained of by petitioner.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the three decretal paragraphs are vacated, the petition/complaint insofar as it seeks relief pursuant to CPLR article 78 is denied, and judgment is granted in favor of respondent as follows: It is adjudged and declared that petitioner is a local authority as defined in the Public Authorities Law.

Memorandum: Petitioner-plaintiff (petitioner) commenced this combined CPLR article 78 proceeding and declaratory judgment action seeking to annul the determination of respondent-defendant (respondent) that petitioner is subject to respondent's oversight and reporting obligations as a local authority and seeking, inter alia, a declaration that it is not a local authority as defined in the Public Authorities Law and thus is not subject to the reporting requirements therein. Supreme Court agreed with petitioner and, inter alia, issued a permanent injunction prohibiting respondent from imposing the reporting requirements against petitioner. We now reverse.

A "local authority" under the Public Authorities Law includes "a not-for-profit corporation affiliated with, sponsored by, or created by a county, city, town or village government" (§ 2 [2] [b]). Petitioner is a not-for-profit corporation that acts as a local development corporation by establishing and implementing economic development strategies for Oswego County (County). We agree with respondent that petitioner is a local authority inasmuch as it is affiliated with and/or sponsored by the County (*see Matter of Griffiss Local Dev. Corp. v State of N.Y. Auth. Budget Off.*, 85 AD3d 1402, 1404-1405 [2011], *lv denied* 17 NY3d 714 [2011]). The record establishes that the County regularly gives grants to petitioner, which comprise the majority of its budget. As explained in *Griffiss Local Dev. Corp.*, the term "sponsor" means, inter alia, " 'a person or an organization that *pays for* or plans and carries out a project or activity' " (*id.* at 1404, quoting Merriam-Webster Online Dictionary, http://www.merriam-webster.com/dictionary/sponsor [accessed June 10, 2011] [emphasis added]). The County has also given interest-free loans to petitioner. Furthermore, a County official serves as a voting member of petitioner's board, and several County officials serve as ex officio, nonvoting members of petitioner's board. Considering the totality of the circumstances (*see id.* at 1405 n 4), we conclude that petitioner is a local authority as defined in the Public Authorities Law. Present— Centra, J.P., Peradotto, Carni, Sconiers and DeJoseph, JJ.