# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**217**

**CA 14-01182**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND DEJOSEPH, JJ.

---

IN THE MATTER OF OPERATION OSWEGO COUNTY, INC.,
PETITIONER-PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

STATE OF NEW YORK AUTHORITIES BUDGET OFFICE, AN
INDEPENDENT ENTITY WITHIN THE DEPARTMENT OF STATE,
RESPONDENT-DEFENDANT-APPELLANT.

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JEFFREY W. LANG OF
COUNSEL), FOR RESPONDENT-DEFENDANT-APPELLANT.

HISCOCK & BARCLAY LLP, SYRACUSE (ANDREW J. LEJA OF COUNSEL), FOR
PETITIONER-PLAINTIFF-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court,
Oswego County (Norman W. Seiter, Jr., J.), entered December 16, 2013
in a CPLR article 78 proceeding and a declaratory judgment action.
The judgment, among other things, ordered that a permanent injunction
shall be entered against respondent prohibiting respondent from
enforcing the reporting requirements complained of by petitioner.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs, the three decretal
paragraphs are vacated, the petition/complaint insofar as it seeks
relief pursuant to CPLR article 78 is denied, and judgment is granted
in favor of respondent as follows:

It is ADJUDGED AND DECLARED that petitioner is a local
authority as defined in the Public Authorities Law.

Memorandum: Petitioner-plaintiff (petitioner) commenced this
combined CPLR article 78 proceeding and declaratory judgment action
seeking to annul the determination of respondent-defendant
(respondent) that petitioner is subject to respondent's oversight and
reporting obligations as a local authority and seeking, inter alia, a
declaration that it is not a local authority as defined in the Public
Authorities Law and thus is not subject to the reporting requirements
therein.  Supreme Court agreed with petitioner and, inter alia, issued
a permanent injunction prohibiting respondent from imposing the
reporting requirements against petitioner.  We now reverse.

A "local authority" under the Public Authorities Law includes "a
not-for-profit corporation affiliated with, sponsored by, or created

by a county, city, town or village government" (§ 2 [2] [b]). Petitioner is a not-for-profit corporation that acts as a local development corporation by establishing and implementing economic development strategies for Oswego County (County). We agree with respondent that petitioner is a local authority inasmuch as it is affiliated with and/or sponsored by the County (*see Matter of Griffiss Local Dev. Corp. v State of N.Y. Auth. Budget Off.*, 85 AD3d 1402, 1404-1405, *lv denied* 17 NY3d 714). The record establishes that the County regularly gives grants to petitioner, which comprise the majority of its budget. As explained in *Griffiss Local Dev. Corp.*, the term "sponsor" means, inter alia, " 'a person or an organization that *pays for* or plans and carries out a project or activity' " (*id.* at 1404, quoting Merriam-Webster On-line Dictionary [emphasis added]). The County has also given interest-free loans to petitioner. Furthermore, a County official serves as a voting member of petitioner's board, and several County officials serve as ex-officio, non-voting members of petitioner's board. Considering the totality of the circumstances (*see id.* at 1405 n 4), we conclude that petitioner is a local authority as defined in the Public Authorities Law.

Entered:  February 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court